UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>MAURICE WILFORD,<br>a/k/a "Mo,"<br><br>　　　　　　Defendant. | CR. 17-50133-JLV<br><br>ORDER |

**INTRODUCTION**

Defendant Maurice Wilford filed a motion to suppress physical evidence seized pursuant to a search warrant. (Docket 80). The suppression motion was referred to the magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and the standing order dated March 9, 2015. An evidentiary hearing was held and Magistrate Judge Wollmann issued a report and recommendation ("R&R") on defendant's motion. (Docket 103). The magistrate judge recommended defendant's motion to suppress physical evidence be denied. Id. at p. 1. The defendant timely filed his objections to the report and recommendation. (Docket 104).

For the reasons stated below, the court finds the R&R is an appropriate application of the law to the facts presented by the parties at the suppression hearing. Defendant's objections are overruled and the R&R is adopted in its entirety.

**DEFENDANT'S OBJECTIONS**

Defendant's objections to the R&R are summarized as follows:

1. Mr. Wilford objects generally to all factual findings and legal conclusions made by the magistrate judge.

2. Mr. Wilford objects to the factual finding that the sources of information in the affidavit in support of the search warrant were reliable.

3. Mr. Wilford objects to the factual finding that there was sufficient information in the affidavit to search his person and his vehicle.

4. Mr. Wilford objects to the legal conclusion that the search warrant as it pertained to him was supported by probable cause.

5. Mr. Wilford objects to the legal conclusion that if the search warrant was deficient, the Leon[1] exception applies and would permit the execution of the search warrant.

(Docket 104).

Under the Federal Magistrate Act, 28 U.S.C. § 636(b)(1), if a party files written objections to the magistrate judge's proposed findings and recommendations, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. See also Fed. R. Crim. P. 59(b)(3). The court

---

[1] United States v. Leon, 468 U.S. 897 (1984).

completed a *de novo* review of those portions of the R&R to which objections were filed.

Each of defendant's objections will be separately addressed.

## ANALYSIS

The court completed a *de novo* review of the affidavit in support of a search warrant, Suppression Hearing Exhibit 1 at pp. 1-7. Unless otherwise indicated, the court's findings of fact are consistent with the findings made by the magistrate judge.

1.  MR. WILFORD OBJECTS GENERALLY TO ALL FACTUAL FINDINGS AND LEGAL CONCLUSIONS MADE BY THE MAGISTRATE JUDGE

"Congress has mandated that the district court give *de novo* review to those portions of a Magistrate's report and recommendation to which objections are made." Belk v. Purkett, 15 F.3d 803, 815 (8th Cir. 1994) (referencing 28 U.S.C. § 636(b)(1)). "There is a court-created exception in some circuits: '. . . [T]he district court need not conduct *de novo* review when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" Id. (citing Johnson v. Knable, 934 F.2d 319 (4th Cir. 1991) (unpublished opinion) (citing Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982); United States v. Merz, 376 U.S. 192, 199, 84 (1964); Pendleton v. Rumsfeld, 628 F.2d 102, 105-06 (D.C. Cir. 1980)). "There is language in an Eighth Circuit case which indicates this Circuit's approval of such an

exception." Id. (referencing Branch v. Martin, 886 F.2d 1043 (8th Cir. 1989) ("In the present case, plaintiff's objections to the magistrate's factual conclusions were timely filed and specific enough to trigger *de novo* review). See, e.g., Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984) (per curiam) (no *de novo* review if objections are untimely or general)"). "[D]e novo review is not required 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" Hudson v. Gammon, 46 F.3d 785, 786 (8th Cir. 1995) (citing Belk, 15 F.3d at 815) (citations omitted).

The court will address Mr. Wilford's specific objections to the R&R as they are "certainly definite enough to require de novo review." Id. (citing Belk, 15 F.3d at 815). The court is not compelled to evaluate defendant's generalized and conclusory objection.

Defendant's first objection to the R&R is overruled.

2. MR. WILFORD OBJECTS TO THE FACTUAL FINDING THAT THE SOURCES OF INFORMATION IN THE AFFIDAVIT IN SUPPORT OF THE SEARCH WARRANT WERE RELIABLE

The magistrate judge found "the affidavit established that various SOIs [Sources of Information] corroborated each others' disclosures when reporting that Denelle Dunn was distributing methamphetamine from the residence." (Docket 103 at p. 9) (referencing Suppression Hearing Exhibit 1 at p. 6). The R&R summarized the specific information to support this statement:

4

> SOI #1 provided information that Denelle Dunn was living at the residence and receiving four to eight ounces of methamphetamine a week to sell;
>
> SOI #2 advised that Denelle Dunn received multiple ounces of methamphetamine each week to sell to other dealers;
>
> SOI #3 disclosed that he/she buys methamphetamine three to four times a week from Denelle Dunn in twenty sack [quantities]; and
>
> [L]aw enforcement independently corroborated drug activity by conducting a trash pull at the residence which revealed various drug paraphernalia.

Id. (referencing Suppression Hearing Exhibit 1 at p. 6).

Specifically addressing defendant's involvement described in the affidavit, the R&R noted:

> SOI #2 disclosed that Defendant was also living at the residence and was dating Denelle Dunn;
>
> Surveillance conducted by UNET [Unified Narcotics Enforcement Team] verified the occupants of the residence;
>
> [SOI #2] informant disclosed that Defendant was threatening individuals by putting a gun in the mouth of subjects.[2]
>
> [Law enforcement's] check of Defendant's criminal history revealed concealed weapons charges[.]
>
> The trash pull . . . revealed a round of ammunition and "parts for a rail for firearms, commonly used to mount lights and other accessories."

---

[2]The affidavit specifically reported that SOI #2 disclosed "Maurice and Denelle reportedly carry weapons, and Maurice has bragged about putting a gun in the mouths of subjects, intimidating them. SOI 2 described a long gun, and described it with a 'curved clip", [sic] possibly indicating possession of an assault rifle." Suppression Hearing Exhibit 1 at p. 6.

Id. (referencing Suppression Hearing Exhibit 1 at p. 6). The magistrate judge found SOI #2's credibility was enhanced because the affidavit included the following additional information:

> SOI #2 disclosed that Danny Menard was a "large buyer" from Denelle Dunn, and when Danny Menard was subsequently located and arrested, a search of his person confirmed methamphetamine, baggies, and cash; and
>
> A search of Danny Menard's hotel room further discovered approximately four ounces of methamphetamine.

Id. at p. 10 (referencing Suppression Hearing Exhibit 1 at p. 6). The R&R found "[t]he information provided by SOI #2 was directly related to the purpose of the search warrant, i.e.[,] to investigate drug distribution." Id.

The cross-verification by law enforcement and the three SOIs makes each of the SOIs' independent statements that Denelle Dunn was distributing methamphetamine out of her house credible and reliable. SOI #2's statements about Mr. Wilford, Mr. Menard and drug activities in Dunn's home, which were verified in part by law enforcement, support the R&R's conclusion there was sufficient corroboration to make "[t]he information in the affidavit . . . reliable." Id. "It is well established that even the corroboration of minor, innocent details can suffice to establish probable cause[.]" United States v. Solomon, 432 F.3d 824, 828 (8th Cir. 2005) (internal citation, quotation marks and brackets omitted).

Defendant's second objection to the R&R is overruled.

3. **MR. WILFORD OBJECTS TO THE FACTUAL FINDING THAT THERE WAS SUFFICIENT INFORMATION IN THE AFFIDAVIT TO SEARCH HIS PERSON AND HIS VEHICLE**

Mr. Wilford argues the magistrate judge mischaracterized "his specificity argument." (Docket 104 at p. 1) (referencing Docket 103 at p. 11). Instead, Mr. Wilford contends his

> specificity argument was that the search warrant may have provided sufficient information to support a warrant for places and people unrelated to him (*e.g.* the Monroe Street house or the person of Dennelle Dunn), it did not provide sufficient information to support to search his person and his vehicle. In other words, the warrant lacked probable cause specific to him.

Id. at pp. 1-2.

The magistrate judge addressed what she perceived as the defendant's specific location argument. "Defendant is arguing that his blood and vehicle could not be searched because the search warrant did not state a specific place or proximity from the residence in which either were to be searched." (Docket 103 at p. 11) (referencing Docket 93 at p. 2) ("[The fact that the vehicle was observed at the Monroe Street address] is not enough to justify issuing an expansive warrant that allowed law enforcement to stop Mr. Wilford *at any place* and search him and his vehicle.") (emphasis added in R&R).

Detective Sayles' sworn testimony, in addition to outlining the statements of SOIs, included the following information:

> Members of UNET have spent time monitoring the residence. During surveillance of the residence a lot of stop and go traffic has been observed as well as several different vehicles at the residence. . . . The vehicles listed on this search warrant are frequently parked

7

at this address, and frequently come and go from the residence which have been ID by UNET members.

(Suppression Hearing Exhibit 1 at pp. 5-6). One of the vehicles listed in the affidavit was "[a] silver 2003 Buick LeSabre, SD 2S1 382, registered to Faith Zwetzig." Id. at p. 2. The officer's sworn affidavit provided that "[t]he State Health Lab advises that methamphetamine will stay in a person's system from 48 to 72 hours. The State Health Lab also advises that THC from ingesting marijuana will remain in a person's system anywhere from 4 to 30 days depending upon the amount used. A Urine and/or blood sample drawn from the suspect is the best way to determine drug use." Id. at p. 5. The search warrant issued by a state court judge authorized law enforcement to search "any persons and/or vehicles present or arriving at the residence between the execution of the search warrant and the termination of the search warrant that had a social nexus to the defendant(s) relating to the warrant and events." Id. at pp. 8-9.

The same information discussed above addressing the reliability of the SOIs, coupled with the surveillance information gathered by law enforcement, provided a factual basis to form probable cause for the issuance of the search warrant. Mr. Wilford's activities of driving to and from the Dunn residence on August 16, 2017, fit the criteria for execution of the search warrant.[3]

---

[3]The parties acknowledge this scenario of events occurred on August 16, 2017. See Dockets 80 at pp. 4-5 and 90 at pp. 6-7.

Defendant's third objection to the R&R is overruled.

4. MR. WILFORD OBJECTS TO THE LEGAL CONCLUSION THAT THE SEARCH WARRANT AS IT PERTAINED TO HIM WAS SUPPORTED BY PROBABLE CAUSE

Mr. Wilford contends the search warrant was not supported by probable cause. (Docket 104 ¶ 2). The magistrate judge concluded "[t]he information in the affidavit was reliable and sufficiently corroborated and the judge's probable cause determination was proper." (Docket 103 at p. 10) (referencing United States v. Tyler, 238 F.3d 1036, 1039 (8th Cir. 2001); United States v. Caswell, 436 F.3d 894, 898 (8th Cir. 2006); United States v. Williams, 10 F.3d 590, 593 (8th Cir. 1993)).

The court finds the affidavit in support of the search warrant "set[] forth sufficient facts to lead a prudent person to believe that there is a fair probability that contraband or evidence of a crime will be found in a particular place[.]" United States v. Grant, 490 F.3d 627, 631 (8th Cir. 2007). Applying a common sense approach and considering the totality of the circumstances set forth in the affidavit, the court finds probable cause existed to permit the state court judge to issue the search warrant for the stop and search of the 2003 Buick LeSabre and the seizure of a sample of Mr. Wilford's blood. Id.; Solomon, 432 F.3d at 827 ("The affidavit should be examined under a common sense approach and not in a hypertechnical fashion.") (internal citation and quotation marks omitted).

Defendant's fourth objection to the R&R is overruled.

5. **MR. WILFORD OBJECTS TO THE LEGAL CONCLUSION THAT IF THE SEARCH WARRANT WAS DEFICIENT, THE LEON EXCEPTION APPLIES AND WOULD PERMIT THE EXECUTION OF THE SEARCH WARRANT**

Mr. Wilford objects to the R&R's finding that if the search warrant is deficient, the good faith exception would apply and permit the execution of the search warrant. (Docket 104 ¶ 5). The magistrate judge did not do a detailed analysis of Leon but concluded "even if probable cause did not exist, the good faith exception would permit the validity of the search warrant's execution." (Docket 103 at p. 18).

In Leon, the Supreme Court "developed the 'good-faith' exception to the exclusionary rule. The Court determined whether the exclusionary rule should apply when police officers search in objectively reasonable reliance on a search warrant, issued by a neutral judicial officer, that is later determined invalid." United States v. Scroggins, 361 F.3d 1075, 1083 (8th Cir. 2004) (citing Arizona v. Evans, 514 U.S. 1, 11 (1995) (discussing Leon, 468 U.S. at 905)). "Stated another way, the inquiry is whether a ' "reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization." ' " Id. (citing Malley v. Briggs, 475 U.S. 335, 345 (1986) (quoting Leon, 468 U.S. at 922 n.23)).

Mr. Wilford points to no obvious error in either the affidavit or the search warrant which would put a reasonable law enforcement officer on notice the search warrant was defective. Taking into account the totality of the

circumstances, the court concludes the affidavit and search warrant were not "so lacking in indicia of probable cause [that] official belief in its existence [was] entirely unreasonable." United States v. Long, 797 F.3d 558, 566 (8th Cir. 2015) (emphasis and internal citation omitted).

Defendant's fifth objection to the R&R is overruled.

**ORDER**

Based on the above analysis, it is

ORDERED that defendant's objections (Docket 104) are overruled.

IT IS FURTHER ORDERED that the report and recommendation (Docket 103) is adopted in its entirety.

IT IS FURTHER ORDERED that defendant's motion to suppress (Docket 80) is denied.

IT IS FURTHER ORDERED that a scheduling order shall be entered.

Dated January 14, 2020.

BY THE COURT:

JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE