UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>MAURICE WILFORD,<br>a/k/a "Mo,"<br><br>                Defendant. | CR. 17-50133-JLV<br><br>ORDER |

**INTRODUCTION**

Defendant Maurice Wilford filed a motion to withdraw his guilty plea together with a letter of explanation. (Dockets 145 & 145-1). The government opposes the defendant's motion. The court held an evidentiary hearing. (Dockets 167 & 170). For the reasons stated below, defendant's motion is denied.

**PROCEDURAL HISTORY**

On August 22, 2017, a grand jury returned an indictment charging Mr. Wilford with count I: prohibited person in possession of a firearm [five firearms] in violation of 18 U.S.C. §§ 922(g)(1), (g)(3) & (g)(9); and count II: possession of a stolen firearm (one rifle) in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). (Docket 2). On August 30, 2017, Mr. Wilford was arrested and detained pending trial. (Dockets 8 & 12). Attorney Paul Eisenbraun was appointed to

represent the defendant. (Docket 11). Over the course of the next several months, Mr. Wilford objected to his attorney's representation which ultimately resulted in Attorney Eisenbraun being allowed to withdraw. United States Magistrate Judge Daneta Wollmann appointed Attorney Paul Andrews on June 8, 2018. (Docket 35).

In March 2019, Mr. Wilford became dissatisfied with his second attorney's representation. (Docket 66). On March 25, 2019, Magistrate Judge Wollmann conducted an *ex parte* hearing with Mr. Wilford and Attorney Andrews. (Docket 67). The magistrate judge permitted Attorney Andrews to withdraw and Attorney John Murphy was appointed as the defendant's third attorney. (Docket 68).

Defendant filed a motion to suppress. After conducting an evidentiary hearing, Magistrate Judge Wollmann issued a report recommending that the motion to suppress be denied. (Docket 103). On January 14, 2020, the court entered an order adopting the report and recommendation and denying the defendant's motion to suppress. (Docket 105).

On June 24, 2020, Attorney Murphy filed an *ex parte* motion seeking to confirm he was to remain as the defendant's attorney, as Mr. Wilford quit talking to him. (Docket 125). On July 7, 2020, the court held an *ex parte* hearing with Mr. Wilford and Attorney Murphy. (Dockets 127 & 155). During the hearing, Mr. Wilford decided he wanted Attorney Murphy to continue to represent him. (Docket 155 at p. 24:10-14). The court entered an order on

July 14, 2020, denying defendant's *ex parte* motion for appointment of new counsel.  (Docket 132).

On July 13, 2020, Mr. Wilford entered into a plea agreement with the government to resolve his criminal case.  (Docket 128).  At the same time, Mr. Wilford signed a factual basis statement and supplement to the plea agreement.  (Dockets 129 & 130).  The plea agreement preserved the defendant's right of appeal on the suppression issue ("conditional plea").  (Docket 128 ¶ Q).  The court referred the matter to the magistrate judge for a change of plea hearing.  (Docket 131).

Pursuant to the plea agreement, on August 4, 2020, a superseding information was filed charging Mr. Wilford with possession of five firearms by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1), (g)(3), (g)(9), and 924(e)(1).  (Docket 133).  At the change of plea hearing on August 5, 2020, Mr. Wilford, Attorney Murphy and the Assistant United States Attorney Eric Kelderman initialed changes to the plea agreement, reflecting that Mr. Wilford would plead guilty to the charge contained in the superseding information and not the indictment.  (Docket 136 at p. 2).

On August 5, 2020, the magistrate judge conducted the change of plea hearing.  (Docket 134).  Because of a technical mistake by the magistrate's staff, there is no audio recording of the hearing.  The minutes of the hearing contain the clerk's summary of the contents of the proceeding.  Id.  Following the hearing, the magistrate judge filed a report and recommendation for the

3

district court to find Mr. Wilford guilty of the offense charged in the superseding information. (Docket 135). The amended plea agreement, the defendant's waiver of indictment and consent to proceed by video conferencing for the change of plea hearing were filed on August 6, 2020. (Dockets 136-38). On August 13, 2020, the court entered an order adopting the report and recommendation and adjudging Mr. Wilford "guilty of possession of firearms by a prohibited person as charged in the superseding information." (Docket 140 at p. 1).

On October 2, 2020, a draft presentence investigation report ("PSR") was filed. (Docket 141). As relevant to the issues before the court, the draft PSR found Mr. Wilford was a criminal history category VI which resulted in a recommended guideline range of 110 to 120 months in custody. Id. ¶ 80. On October 26, 2020, Attorney Murphy filed the defendant's objections to the draft PSR. (Docket 144). The main focus of the objections was the defendant's belief his criminal history should be reduced to "IV" with a resulting guideline range of 85 to 105 months. Id. at p. 1.

On November 4, 2020, Attorney Murphy filed a motion to withdraw the defendant's guilty plea. (Docket 145). The basis for the motion was Mr. Wilford's 11-page letter to his attorney (Docket 145-1) which relayed the following:

> This letter is in response to the letter you recently sent to me dated: October 26, 2020.

4

> I told you I wanted to withdraw my plea and go to trial unless the Government agreed to cap my sentence at 51 months.
>
> You replied; Quote: "If you want to try to obtain that relief, you would have to write me, [John Murphy], a Letter clearly stating your legal and factual grounds for withdrawing your guilty plea, and I will attach that to a motion for the courts Consideration." (end Quote).
>
> . . . .
>
> So here is my Legal and factual basis for the issues Ive set forth above,
>
> A) First of all you [John Murphy] lied to me so I would take my deal. You told me that if I took my deal I would get 41 to 51 months. So I took the deal because it would put me "out the Door." Then after I took that deal you came and told me that the deal was for 59 to 71 months, that's not what I agreed to. I agreed to 41 to 51 months. So that's the first and biggest reason Im withdrawing my plea.
>
> B) The second reason is because I have the Legal <u>Right</u> to do so If I was lied to or manipulated into taking the deal or if the deal has changed to something I never agreed to.
>
> . . . .

<u>Id.</u> at pp. 1-3 & 10-11 (spelling, punctuation, bracketing and underlying in original). On November 9, 2020, Mr. Wilford filed with the court a duplicate copy of his November 4 letter. (Docket 146). On November 16, 2020, Mr. Wilford filed another letter with the court summarizing his earlier letters to Attorney Murphy. (Docket 150). On November 20, 2020, the defendant filed a third letter with the court. (Docket 151). This letter again stated Mr. Wilford's reasons for wanting to withdraw his guilty plea.

5

> I know that Ive been through quite a few attorney's during these proceedings, but I must demand new counsel.
>
> Ive filed several letters with John Murphy and this court recently which proves my claim that our communication has broken down and will not improve.
>
> He flat out lied to me about my plea agreement and has yet to file a motion with this court that he said he would, proof of which is in the letters Ive written to you and documents Ive provided.
>
> I gave Mr. Murphy a chance and I thought we had come to an agreement of 41-51 months but After I signed the plea agreement he comes and tells me its more than that.
>
> I told you that I wasn't going to come into court "Butt Naked," without a clear understanding of my plea agreement.
>
> I am not acting disrespectfully to the court or to my court appointed Counsel.  If my plea agreement stayed at 41-51 months, then we wouldn't be having any of these issues. . . .
>
> So Im sorry to the Court but I refuse to proceed with John Murphy as my counsel.
>
> He has lied to me, manipulated me into taking my plea, He's pushed his job and responsibilities off onto me and our trust and communication has completely been destroyed by him and his unfortunate and unethical actions.
>
> He has made it impossible for me to trust his Legal advice or help.
>
> I have proved that he has lied to me and I demand new counsel.
>
> I do apologize to the court but Im not going to allow anyone to treat my life and my future as frivolously as Mr. Murphy has. . . .

Id. at pp. 1-3 (spelling and punctuation in original).

On December 18, 2020, Magistrate Judge Wollmann held an *ex parte* hearing on the defendant's motion for change of counsel.  (Docket 154).

Following the hearing, the magistrate judge permitted Attorney Murphy to withdraw and appointed Attorney Stephen Demik as the defendant's fourth attorney. (Dockets 154 & 156).

On January 7, 2021, the defendant filed another *ex parte* letter with the court. (Docket 161). In this letter, Mr. Wilford asserted his constitutional rights claiming neither Pennington County nor the state of South Dakota had jurisdiction over the Pine Ridge Indian Reservation and that his speedy trial rights had been violated. Id.

On January 26, 2021, the court held a hearing on the defendant's motion to withdraw his guilty plea. (Docket 167). Both Mr. Wilford and Attorney Murphy testified during the hearing. Id.; see also Docket 170.

## ANALYSIS

"It is well settled that a defendant does not have an absolute right to withdraw a guilty plea before sentencing." United States v. Burney, 75 F.3d 442, 444 (8th Cir. 1996) (internal citation omitted). "Instead, the burden is on the defendant to establish a fair and just reason for the withdrawal." Id. (citing what is now Fed. R. Crim. P. 11(d)(2)(B)); United States v. Newson, 46 F.3d 730, 732 (8th Cir. 1995)). "This determination lies within the sound discretion of the trial court, and we will reverse its decision only for an abuse of discretion." Id. (citing United States v. Abdullah, 947 F.2d 306, 311 (8th Cir. 1991)). "A guilty plea is a solemn act not to be set aside lightly." United States v. Prior, 107 F.3d 654, 657 (8th Cir. 1997) (internal citation omitted).

"A defendant may withdraw a guilty plea after it has been accepted by the court, but before the court imposes sentence, if he shows 'a fair and just reason for requesting the withdrawal.' " United States v. White Owl, 932 F.3d 1192, 1194 (8th Cir. 2019) (quoting Fed. R. Crim. P. 11(d)(2)(B)). Although the standard for withdrawal is ostensibly liberal, a "defendant has no automatic right to withdraw a plea." United States v. Sharp, 879 F.3d 327, 333 (8th Cir. 2018) (internal quotation omitted). "When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise." United States v. McHenry, 849 F.3d 699, 705 (8th Cir. 2017) (internal quotation omitted).

> [I]f a defendant shows a fair and just reason for withdrawal, the court must consider other factors before granting the motion, namely, whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion.

Id. (internal quotation omitted).

During the *ex parte* hearing on July 7, 2020, with Mr. Wilford and Attorney Murphy, the court discussed the maximum penalty for the count in the indictment charging Mr. Wilford with being a prohibited person in possession of a firearm. "That carries up to ten years in federal prison and up to a $250,000 [fine] or both, plus supervised release upon conviction." (Docket 155 at pp. 3:25-4:3).

8

During the change of plea hearing on August 5, 2020, before Magistrate Judge Wollmann, the record reflects Mr. Wilford was placed under oath. (Docket 134). During the hearing the magistrate judge reviewed the plea agreement and informed the defendant of his rights and the maximum penalties. Id. The penalties were also set forth in both the plea agreement and the amended plea agreement which Mr. Wilford executed earlier. See Dockets 128 ¶ C & 136 ¶ C. That provision states, "[t]he charge [prohibited person in possession of a firearm] carries a maximum sentence of 10 years in prison, a $250000 fine, or both, and a period of supervised release of 3 years." Id.

Returning to the minutes of the change of plea hearing, Mr. Wilford entered a guilty plea to count 1 of the superseding information. (Docket 134). The magistrate judge then "review[ed] the essential elements of the offense and the factual basis statement with the defendant." Id. The magistrate judge found Mr. Wilford "competent and capable of entering an informed plea, is aware of the nature of the charges and consequences of the plea, that the plea is knowing and voluntary and is supported by an independent basis in fact containing each of the essential elements of the offense, and [the court] recommends that the defendant shall be adjudged guilty of the offense." (Id. and Docket 135).

During the evidentiary hearing on Mr. Wilford's motion to withdraw his guilty plea, the defendant testified he took the plea agreement because Attorney Murphy said the sentence "would be for 41 to 51 months."  (Docket 170 at p. 6:5-7).   Because he was focused on preserving the conditional plea portion of the plea agreement, Mr. Wilford asserted he did not understand the guidelines portion of the agreement.   Id. at p. 6:20-23.   For that reason, Mr. Wilford testified he did not fully understand the plea agreement when he signed it.   Id. at pp. 6:25-7:3.

Mr. Wilford completed twelfth grade, although some of that was in special education classes.   Id. at pp. 7:20-8:3.   Mr. Wilford claims no other learning deficiencies or disabilities which would interfere with his competency.

When asked by the magistrate judge if he understood the plea agreement, the defendant testified that he did.   Id. at pp. 8:24-9:7.   He acknowledged he understood the sentencing guidelines were not binding on the district court.   Id. at p. 9:8-16.   When the magistrate judge told him there was no guarantee as to what his sentencing guidelines would be, Mr. Wilford testified he understood.   Id. at p. 9:17-20.   Mr. Wilford testified during the evidentiary hearing that he told the magistrate judge he understood the purpose of the conditional plea was to reserve his right of appeal on the suppression issue.   Id. at p. 9:21-25.   Mr. Wilford told the magistrate judge there were no promises or threats to get him to sign the plea agreement and that the plea agreement was his entire agreement with the government.   Id. at

p. 11:2-6 & 13-19. Mr. Wilford testified he told the magistrate judge there were no assurances outside of the plea agreement in order to get him to accept it. Id. at p. 12:3-9. He agreed the plea agreement was not binding on the district court. Id. at p. 12:9-14. Mr. Wilford testified during the evidentiary hearing that the magistrate judge told him the maximum possible sentence was 10 years in prison, along with other conditions. Id. at p. 12:15-20. He acknowledged the magistrate judge told him that no court would be able to determine the guidelines range until after a PSR was prepared. Id. at p. 13:2-4. Mr. Wilford testified the magistrate judge advised him of the sentencing judge's authority to depart upward or downward to provide a custodial sentence outside the guidelines. Id. at p. 13:8-21.

Mr. Wilford acknowledged the magistrate judge advised him of the following rights:

>  The right to plead not guilty. Id. at p. 15:4-6.
> 
> The right to go to trial. Id. at p. 15:7-9.
> 
> That the verdict would have to be unanimous. Id. at p. 15:10-20.
> 
> At trial, Mr. Wilford would be presumed innocent. Id. at p. 15:21-23.
> 
> To be convicted at trial would require proof beyond a reasonable doubt. Id. at p. 15:24-16:2.
> 
> That Mr. Wilford would be entitled to the assistance of counsel at every stage of his case. Id. 16:3-11.
> 
> That he would have the right to confront and cross-examine the witnesses at trial. Id. at p. 16:12-14.

11

> That he would have the power of a subpoena to compel witnesses to come to trial for him.  Id. at p. 16:15-22.
>
> That Mr. Wilford had the right to testify at trial.  Id. at p. 16:23-25.
>
> That he had the right not to testify and the jury could not consider his silence.  Id. at p. 17:1-8.
>
> That by pleading guilty, Mr. Wilford would be giving up most of these trial rights except the effective assistance of counsel.  Id. at p. 17:9-13.

After this discussion with the magistrate judge, Mr. Wilford indicated he had no questions of either the magistrate judge or his attorney.  Id. at p. 19:5-13.

Mr. Wilford acknowledged at the evidentiary hearing that he pled guilty to the charge in the superseding information and that everything in the factual basis statement was true and accurate.  Id. at pp. 20:3-24 & 34:5-21.  He admitted to the magistrate judge that he was "in fact, guilty of this offense." Id. at p. 21:24-22:6.  Mr. Wilford testified no one pressured him to sign the plea agreement.  Id. at p. 25:10-13.

During the evidentiary hearing, Mr. Wilford testified he did not understand the plea agreement, did not understand everything the magistrate judge said to him, and he just signed the agreement and responded "yes" to the magistrate judge's questions as he recalls "[m]ost likely . . . to get it over with." Id. at p. 36:6-24.

During the evidentiary hearing, Attorney Murphy testified he provided the defendant with a cover letter and script of how the magistrate judge would

12

proceed with the change of plea hearing.  Id. at pp. 48:21-49:7 (referencing Exhibit 1).   Attorney Murphy testified he used the script in discussing the plea agreement and the change of plea hearing with Mr. Wilford.  Id. at p. 50:11-25.  During a change of plea hearing, Attorney Murphy uses "a negative approach to plea colloquies in that I'm listening, and I note deficiencies if they exist.  And I reviewed my notes from this hearing.   There were no deficiencies noted." Id. at p. 51:14-17.

Attorney Murphy testified that during the change of plea hearing, he believed Mr. Wilford understood what was occurring.  Id. at p. 53:10-14.  Additionally, he believed the defendant fully understood what he signed, what he was agreeing to and when answering he understood the magistrate judge's questions.  Id. at p. 53:18-22.   Attorney Murphy found his client to be "very bright . . . . He had good questions.   He asked me to do follow-up research.  He had done research on his own. . . . [H]e . . . understood what the conditional plea was and how that benefitted him."  Id. at pp. 53:25-54:9.

Contrary to the defendant's assertion, Attorney Murphy testified he never made any representation or guarantee that Mr. Wilford would receive a sentence of between 41 and 51 months.  Id. at p. 56:2-5 & 20-23.   Attorney Murphy believed Mr. Wilford understood what he was doing during the change of plea hearing and he voluntarily entered a guilty plea.  Id. at p. 58:71-24.

Mr. Wilford's "representations during the plea colloquy 'carry a strong presumption of verity and pose a formidable barrier' in a subsequent attack."

13

United States v. Morales, 834 Fed. Appx. 304, 305 (8th Cir. 2021) (citing Adams v. United States, 869 F.3d 633, 635 (8th Cir. 2017) (quoting Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997)).

The court finds Mr. Wilford's testimony at the hearing on his motion to withdraw his guilty plea not credible. His explanation for wanting to get out of his plea agreement is simply a self-serving effort to avoid a custodial sentence greater than 51 months. He even says as much. "If my plea agreement stayed at 41-51 months, then we wouldn't be having any of these issues. . . ." (Docket 151 at p. 2). Even more important, Mr. Wilford never claims he is not guilty of the offense of prohibited person in possession of firearms.

Mr. Wilford knew the maximum sentence was 10 years in custody. He also knew, because both this court and the magistrate judge told him before he decided to sign the plea agreement or pled guilty, that the sentencing guidelines and sentencing recommendations by the parties were not binding on the district court.

The court finds the testimony of Attorney Murphy credible. Throughout these proceedings, he properly advised Mr. Wilford of his rights and negotiated a conditional plea agreement on his behalf, a conditional plea agreement which Mr. Wilford felt was important to protect his right to appeal the suppression issue. Attorney Murphy explained in detail his professional relationship with the defendant. Mr. Wilford's attacks on Attorney Murphy's integrity and character are without merit.

14

As the court told Mr. Wilford, the Guidelines are not mandatory in this case (or any other).  In 2005, the Supreme Court made "the Guidelines effectively advisory."  United States v. Booker, 543 U.S. 220, 245 (2005).  A sentencing court must "consider Guidelines ranges" but may also "tailor the sentence in light of other statutory concerns[.]"  Id.  The court is not bound to sentence a defendant to the range of months noted in the PSR.  In fact, the court routinely varies from the applicable Guidelines range to sentence in accordance with 18 U.S.C. § 3553(a).

The United States Court of Appeals for the Eighth Circuit held erroneous predictions about the Guideline calculation is not a fair and just reason to withdraw a guilty plea.

> A defendant may not withdraw a plea, however, merely because he misunderstands how the sentencing guidelines will apply to his case. So long as the district court tells a defendant the statutory range of punishment that he faces and informs him that the sentencing guidelines will be used in determining the ultimate sentence, the plea is binding. This is true even where the misunderstanding is caused by defense counsel's erroneous estimation of what the ultimate sentence will be.

United States v. Ramirez-Hernandez, 449 F.3d 824, 826 (8th Cir. 2006) (citing United States v. Burney, 75 F.3d 442, 445 (8th Cir. 1996)).  This rule is not a suggestion to district courts for how to exercise their discretion in resolving a motion to withdraw a guilty plea.  It is binding "circuit precedent" that the Eighth Circuit has refused to undermine.  United States v. Briggs, 820 F.3d 917, 920 (8th Cir. 2016).

15

Here, both the magistrate judge and this court advised defendant he could be sentenced to 10 years under the applicable statute. The court also informed him it would calculate the Guidelines range and consider it in determining his sentence.

Mr. Wilford did not show a fair and just reason to withdraw his plea and the court need not consider other factors. Burney, 75 F.3d at 444; United States v. Teeter, 561 F.3d 768, 770 (8th Cir. 2009); McHenry, 849 F.3d at 705. Mr. Wilford's guilty plea is a knowing and voluntary plea supported by a detailed factual basis. Accordingly, "the plea is binding." Ramirez-Hernandez, 449 F.3d at 826.

## ORDER

No good cause appearing, it is

ORDERED that defendant's motion to withdraw his guilty plea (Docket 145) is denied. A revised schedule for preparing the final PSR and setting a sentencing hearing will be entered.

Dated April 22, 2021.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE

16